**FILED**
**Apr 17, 2026**
**02:00 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **RAFIK MIKHAIL,**<br>　　　　**Employee**,<br>**v.**<br>**FEDEX SUPPLY CHAIN, INC.,**<br>　　　　**Employer**,<br>**And**<br>**INDEMNITY INSURANCE**<br>**COMPANY OF NORTH**<br>**AMERICA,**<br>　　　　**Carrier.** | **Docket No. 2024-50-1447**<br><br><br>**State File No. 16062-2020**<br><br><br><br>**Judge Thomas Wyatt** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

On April 14, 2026, the Court heard argument on FedEx Supply Chain, Inc.'s motion for summary judgment. FedEx contends that the injuries suffered by Mr. Mikhail while working in its building during a tornado were due to an act of God and are not covered by workers' compensation. Mr. Mikhail counters that genuine issues of material fact exist. For the reasons below, the Court grants FedEx's motion.

### History

FedEx argues that Mr. Mikhail's injuries arose entirely from an act of God. Mr. Mikhail counters that genuine issues of material fact exist as to whether the paths of tornados in 1933 and 1998 made the tornado in 2020 foreseeable, thus placing him at greater risk than the general public for being injured by a tornado.

In Mr. Mikhail's response to FedEx's statement of undisputed material facts, he admitted the following:

1. He was a FedEx employee on March 3, 2020.

1

2. While working at his assigned workplace in FedEx's Mt. Juliet, Tennessee building on March 3, he sustained injuries when a wall fell on him while sheltering in place during a tornado.

Mr. Mikhail offered a newspaper article and map comparing the path of the tornado to the similar paths of tornadoes in 1933 and 1998. FedEx made hearsay objections to the admissibility of these documents, which the Court grants.

**Analysis**

Tennessee Rules of Civil Procedure 56.04 (2025) states a trial court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

If a party who does not have the burden of proof at trial produces evidence that (1) affirmatively negates an essential element of the nonmoving party's claim or (2) demonstrates that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the claim, the burden shifts to the nonmoving party to present evidence establishing at least one genuine issue of material fact for trial. *Soto v. Patterson,* 2024 TN Wrk. Comp. App. Bd. LEXIS 35, at *6-7 (Oct. 17, 2024).

The determination of FedEx's motion requires application of the "act of God" doctrine developed in workers' compensation cases. In *Rosasco v. West Knoxville Painters, LLC,* 2020 TN Wrk. Comp. App. Bd. LEXIS 57, at *8-9 (Aug. 18, 2020), the Appeals Board confirmed the continuing viability of this doctrine in post-Reform Act cases.

In *Rosasco,* the employee was injured when struck by a falling tree as he exited a portable toilet after a severe windstorm. In finding the injury was not compensable, the Board first found that the employer is not an insurer of all misfortune that befalls an employee while working. *Id.* at *5. Instead, to be compensable, the injury must arise primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(12) (2025). An injury arising out of the employment must have its origin in a peculiar risk to which the employee is subjected by the employment. *Rosasco,* 2020 TN Wrk. Comp. App. Bd. 57 at *7.

In *Rosasco,* the Board cited longstanding law from the Tennessee Supreme Court, which held that injuries caused by an act of God are not compensable. The

Court defined an act of God as an event appearing "by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention." *Id.* at *8-9.

The Board in *Rosasco* pointed out an exception. Specifically, the Board held that an employee may recover for injuries sustained by an act of God where the nature of the employment subjects the employee to a greater risk of injury than that encountered by the general public. *Id.* at *7. However, an injury "purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered arising out of the employment." *Id.* at *8.

Here, Mr. Mikhail's admission of FedEx's statement of undisputed material facts negated an essential element of his claim by showing he was injured by the impact of a tornado. The burden then shifted to Mr. Mikhail to present evidence creating a genuine issue of material fact as to whether his work at FedEx subjected him to greater risk of injury from a tornado than that encountered by the general public.

Mr. Mikhail did not present any evidence his work subjected him to a greater risk of injury from the tornado than encountered by the general public. Even if admissible, the newspaper article and map he submitted are not pleadings, depositions, answers to interrogatories, admissions, or sworn affidavits as required by Rule 56.04.

Thus, the Court grants FedEx's motion for summary judgment and dismisses this case with prejudice to its refiling. FedEx shall pay the $150 filing fee within five business days of entry of this order, for which execution may issue if necessary. Unless appealed, this order shall be final 30 days after entry.

**IT IS ORDERED.**

**ENTERED April 17, 2026.**

**JUDGE THOMAS WYATT**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on April 17, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Anthony Kestner, Employee's Attorney | | X | tonykestner@wkjustice.com<br>annkestner@wkjustice.com |
| Jonathan West and Jamie Glass, Employer's Attorneys | | X | Jonathan.west@qpwblaw.com<br>Jamie.glass@qpwblaw.com<br>Judy.hamer@qpwblaw.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*